**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM C. McGEE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 22-00206-CV-W-BP |
| | ) | Crim. No. 18-00170-01-CR-W-BP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION DENYING MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Pending is Movant William McGee's Motion to Vacate, Set Aside, or Correct Sentence,

(Doc. 4),[1] which seeks relief pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion

is **DENIED** and the Court declines to grant a Certificate of Appealability.

**I. BACKGROUND**

The Court will summarize the facts and the procedural history but will not set forth all the

evidence introduced at trial. Details will be provided as necessary to discuss Movant's claims.

Additional facts will be set forth in the context of some of Movant's claims.

On June 26, 2018, a grand jury indicted Movant for being a felon in possession of a firearm

in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Crim. Doc. 8.)[2] The Federal Public

Defender was appointed to represent Movant, and Ms. Carrie Allen from that office entered her

appearance on Movant's behalf.

---

[1] Movant's first motion, (Doc. 1), had a number of technical defects and was not filed on court-approved forms. The Court directed Movant to address these deficiencies, (Doc. 2), and he did so. Thus, the operative motion is (Doc. 4.)
[2] The Court uses "Crim. Doc." to refer to documents filed in Movant's underlying criminal case, No. 18-00170-01-CR-W-BP.

In April 2019, the charge against Movant was litigated in a two-day jury trial. (Crim. Docs. 67, 69.) The evidence at trial showed that Movant possessed a handgun and used it to shoot his girlfriend in the buttocks. A verdict director setting out the elements of being a felon in possession of a firearm was read to the jury; the verdict director listed the elements as follows: "*One*, the defendant has been convicted of a crime punishable by imprisonment for more than one year; *Two*, after that, the defendant knowingly possessed a firearm . . . ; and *Three*, the firearm was transported across a state line at some point during or before the defendant's possession of it." (Crim. Doc. 72, p. 21.) Movant stipulated that he had been convicted of a crime punishable by imprisonment for more than one year, and that the firearm at issue was transported across state lines. (*Id*.) The jury found Movant guilty. (Crim. Doc. 73.)

A few weeks after the jury verdict, the Supreme Court issued its opinion in *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019). *Rehaif* held that in order to be guilty of being a felon in possession of a firearm under § 922(g), a defendant must know that he is a felon. *Id*. Movant filed a motion for a new trial in March 2020, alleging that the Court erred in failing to instruct the jury on the "knowledge-of-felon-status" element in § 922(g) as set out in *Rehaif*. (Crim. Doc. 104.) The Court denied the motion, finding that the failure to instruct the jury on the knowledge-of-felon-status element constituted plain error, but that the error was harmless in light of the ample evidence of Defendant's multiple prior felonies and the fact that he in fact served more than one year in prison. (*See* Crim. Doc. 108, p. 4.)

Separately, the Probation Office issued a Presentence Investigation Report ("PSR") in August 2019. The PSR indicated that Movant was an Armed Career Criminal under 18 U.S.C. § 924(e) (sometimes referred to as the "ACCA") because he had previously been convicted of at least three "serious drug offenses." (Crim. Doc. 84, ¶ 21.) Under the ACCA, Defendant was

subject to a mandatory minimum sentence of fifteen years. (*Id*. at ¶¶ 64–65.) Moreover, the PSR indicated that because Movant had used the firearm in connection with a crime of violence when he shot his girlfriend—namely, felonious assault or armed criminal action pursuant to MO. REV. STAT. §§ 565.072 or 571.051, respectively—§ 4B1.2(a) of the Sentencing Guidelines provided that his total offense level was 34, resulting in an advisory guideline range of 262 to 327 months. (*Id*. at ¶¶ 21, 64–65.)

Movant objected to the application of the ACCA enhancement, arguing that at least one of his prior drug offenses did not qualify as a "serious drug offense" under the ACCA. (Crim. Doc. 84, p. 23.) Movant also contended that because the predicate offenses were charged as occurring "on or about" certain dates in 1998, the offenses could all have "constituted a single, continuous course of conduct"—which would preclude them from qualifying as separate predicate offenses for purposes of the ACCA. (*Id*.) The Court overruled the objections and sentenced Movant to 204 months in the custody of the Bureau of Prisons. (Crim. Doc. 118.)[3]

Movant then appealed his sentence to the Eighth Circuit. (*See* Eighth Circuit Case No. 20-2289.) On appeal, Movant raised two arguments. First, he contended that the Court erred in failing to instruct the jury on the knowledge-of-felon-status element discussed in *Rehaif*; second, he argued that the Court erred in failing to submit to the jury the question of whether all of Movant's ACCA predicate offenses occurred in separate occasions. (Eighth Circuit Case No. 20-2289, Appellant Brief, pp. 3–4.) The Government moved for summary affirmance, which the Eighth Circuit granted. (*See* Crim. Doc. 123.) Movant then filed a petition for a writ of certiorari, which the Supreme Court denied. (*See* Supreme Court Case No. 20-5773.)

---

[3] This document is the Amended Judgment and Commitment; the amendment occurred to correct a clerical error. (Crim. Doc. 119.)

Now, Movant has filed a motion under 28 U.S.C. § 2255. The motion asserts three grounds on which Movant believes his conviction should be vacated:

- Ground 1 is that the Court erred in failing to instruct the jury on the knowledge-of-felon-status element discussed in *Rehaif*;

- Ground 2 is that the ACCA enhancement and/or the offense level adjustment for use of a weapon in connection with a crime of violence should have been submitted to the jury; and

- Ground 3 is that the Court erred in finding that Movant the ACCA enhancement applies to Defendant, because all of his predicate offenses were part of a single transaction or occurrence.

(*See* Doc. 4, pp. 4–6.)[4] With respect to each of these Grounds, Movant's original brief asserts that his trial counsel, Ms. Allen, was ineffective for failing to object or otherwise successfully litigate the issues presented in the Ground. (*See* Doc. 1.) However, his amended motion focuses more on the merits of the Grounds. (*See* Doc. 4.) To ensure that Movant's claims are fully considered, the Court will discuss both the merits of the Grounds and whether Ms. Allen was ineffective for failing to litigate them at trial.

## II. DISCUSSION

A § 2255 motion is not a substitute for a direct appeal. *E.g., Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). This means that a postconviction proceeding cannot be used to raise claims that should have been decided on direct appeal unless the movant can demonstrate that appellate counsel was ineffective for failing to raise the claim. *E.g., Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). It also means that a postconviction proceeding cannot be used to re-consider claims actually made and ruled upon on direct appeal; indeed, the law of the case

---

[4] Normally, a movant "is entitled to an evidentiary hearing unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Witthar v. United States,* 793 F.3d 920, 922 (8th Cir. 2015) (cleaned up); *see also Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2008). All of Movant's claims for relief can be resolved based on the Record and the law; none of his claims depend on disputed issues of fact. Therefore, no evidentiary hearing is necessary to resolve his motion.

4

doctrine prevents Plaintiff from attempting to relitigate the Eighth Circuit's summary affirmance of his direct appeal. *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008).

Several of Movant's claims allege that his attorney provided ineffective assistance at trial or on appeal. Such claims are evaluated under the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires the movant to "show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Hamberg v. United States,* 675 F.3d 1170, 1172 (8th Cir. 2012) (quotation omitted).

With respect to the performance prong, there is a "strong presumption that counsel's conduct falls within the wide range of professional assistance," *Charboneau v. United States,* 702 F.3d 1132, 1136 (8th Cir. 2013) (quotation omitted), so the Court's scrutiny of counsel's performance must be deferential. *E.g., Hamberg,* 675 F.3d at 1172. The Court's scrutiny is even more deferential with respect to the performance of appellate counsel because appellate counsel is expected to "winnow[ ] out weaker arguments on appeal." *Charboneau,* 702 F.3d at 1136–37. The prejudice prong's requirement of a "reasonable probability" of a different outcome means there must be a "substantial, not just conceivable, likelihood of a different result. *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011). "A court need not address both prongs of the *Strickland* test if the petitioner cannot meet one of them." *Garcia v. United States,* 679 F.3d 1013, 1014 (8th Cir. 2012). With these principles in mind, the Court addresses each of Movant's arguments.

## a. Ground 1

Movant's first argument is that the Court committed plain error in failing to instruct the jury on the knowledge-of-felon-status element discussed in *Rehaif*, and that his trial attorney was

ineffective for failing to object on this ground.  (Doc. 4, p. 4; Doc. 1, p. 4.)  This claim fails for numerous reasons.

First, to establish a plain error that warrants relief, Movant must show that the error affected his "substantial rights," which requires proving that there is a "reasonable probability that, if the jury had been given the proper *mens rea* instruction, [Movant] would have been acquitted." *Greer v. United States*, 593 U.S. __, 141 S.Ct. 2090, 2100 (2021).  Similarly, to prove ineffective assistance of counsel, Movant must establish a "substantial . . . likelihood of a different result" had his counsel timely objected.  *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011).  Thus, either framework for addressing Movant's argument requires Movant to prove some likelihood that he would have been acquitted had the Court instructed the jury on the knowledge-of-felon-status element.  But as the Court noted in its order denying Movant's motion for a new trial, the evidence at trial established that Movant (1) pled guilty to multiple felonies, (2) received a sentence of more than ten years on one of those felonies, and in fact, served seven years in prison for that felony, and (3) spent at least three additional years in prison due to other felonies.  (Crim. Doc. 108, p. 4.)  And as the Eighth Circuit has noted, a defendant cannot establish a "substantial likelihood of a different result" on a *Rehaif* error where he in fact "received and served several prison sentences longer than one year for felony convictions."  *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020).  Consequently, this argument establishes neither plain error, nor ineffective assistance of counsel.

Second, with respect to the merits of the alleged *Rehaif* error, a movant cannot use § 2255 to relitigate claims that either were or could have been raised on direct appeal.  *Baranski*, 515 F.3d at 861.  Here, Movant raised the *Rehaif* issue in his appeal to the Eighth Circuit, which summarily affirmed; thus, he cannot obtain relief under this argument in this post-conviction proceeding.

6

Third, with respect to the ineffective assistance of counsel claim, in addition to prejudice, Movant is required to show that his attorney's "performance fell below the minimum standards of professional competence." *Hamberg,* 675 F.3d at 1172. Movant's trial took place before the Supreme Court issued its opinion in *Rehaif*, and at the time of the trial, Eighth Circuit law was contrary to *Rehaif*; thus, Movant's counsel had no reason to believe that objecting to the jury instructions would benefit Movant. "[C]ounsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts . . . does not render h[er] performance constitutionally ineffective." *Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014) (citations omitted). Moreover, as soon as Movant's counsel discovered the *Rehaif* error, she moved for a new trial, and Movant's appellate counsel subsequently litigated the issue on appeal.

Alternatively, Movant may be trying to argue, as his attorney argued on direct appeal, that a *Rehaif* error is structural, and therefore not subject to a harmless error analysis. He cites *United States v. Nasir*, 982 F.3d 144, 150 (3d Cir. 2020), to support this contention. (*See* Doc. 4, p. 3 (referencing a decision by the Third Circuit from December 1, 2020).) The Fourth Circuit came to the same conclusion in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). However, those cases were overruled by *Greer v. United States*, 593 U.S __, 141 S.Ct. 2090, 2100 (2021), which expressly held that a harmless error analysis applies to *Rehaif* errors. Therefore, Ground 1 does not entitle Movant to relief.

### b. Ground 2

Movant's second argument is that the "alleged shooting" of his girlfriend "was not a charged crime at [his] trial," and that the fact that "[j]ury members were never told about a 924(e) enhancement" violated Movant's Fifth and Sixth Amendment rights. (Doc. 4, p. 5.) Movant also suggests that his trial counsel was ineffective for failing to raise this issue. (Doc. 1, p. 5.) In

support of this argument, Movant cites two Supreme Court cases—*Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013)—both of which stand for the proposition that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added).

Although Movant presents this argument as a single ground for relief, it actually involves two separate issues, both of which contributed to Movant's sentence in different ways. The first issue is Movant's status as an Armed Career Criminal, which subjected him to a fifteen-year mandatory minimum sentence—a sentence that exceeds the default statutory maximum sentence of ten years for violations of § 922(g). Movant's status as an Armed Career Criminal was based *solely* on the number and nature of his prior convictions, not on the facts of the crime for which he is currently serving his sentence. *See* 18 U.S.C. § 924(e) (setting out the requirements for the ACCA). Thus, Movant's alleged shooting of his girlfriend played no role in the ACCA mandatory minimum. The second issue is the fact that Movant committed the crime for which he is currently serving his sentence—being a felon in possession of a firearm—in connection with a separate crime of violence, i.e., the shooting. However, while this issue resulted in a higher total offense level under U.S.S.G. § 4B1.2(a), it did not "increase[] the penalty for [Movant's] crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490.

Consequently, Movant's second argument is legally meritless. To the extent he argues that the jury should have decided whether his prior felonies qualified him as an Armed Career Criminal, *Apprendi* is crystal-clear that "the fact of a prior conviction" is not something a jury must decide for purposes of applying an ACCA mandatory minimum. 530 U.S. at 490; *see also United States v. Wyatt*, 853 F.3d 454, 459 (8th Cir. 2017) (*Apprendi* does not require a jury to find the existence

of ACCA predicate offenses for the ACCA enhancement to apply). To the extent Movant believes the jury should have been required to find beyond a reasonable doubt that he shot his girlfriend, there is no legal support for this contention; "judicial fact-finding to determine the advisory Guidelines range does not violate the Sixth Amendment," *United States v. Espinoza*, 857 Fed. App'x 893, 894 n.2 (8th Cir. 2021) (citing *United States v. Wade*, 435 F.3d 829, 831 (8th Cir. 2006)), and "[w]hen finding sentencing facts, district courts apply a preponderance-of-the-evidence standard." *United States v. Clark*, 932 F.3d 1064, 1067 (8th Cir. 2019).

Thus, Movant has not shown that the failure to submit his status as an Armed Career Criminal or the application of the § 4B1.2(a) offense level enhancement to the jury violated his Sixth Amendment rights. And, because there was no error, Movant's counsel was not ineffective for failing to litigate this issue. *Hamberg,* 675 F.3d at 1172.

### c. Ground 3

Movant's third argument is that several of the felony convictions that contributed to his status as an Armed Career Criminal were in fact a "continuing course" of action rather than multiple separate offenses. (Doc. 4, p. 6.) The PSR cites the supporting documentation underlying Movant's prior felony convictions, which indicates that the offenses occurred on February 17, March 2, and March 30 of 1998. (Crim. Doc. 84, p. 23 (citing three separate criminal cases from Michigan: Case Nos. 1998-159207-FH, 98-159214-FH, and 98-159206-FH).) "[C]onvictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if" there were similarities between the transactions. *United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008). Because Movant's prior drug felonies took place on separate days, they are separate predicate offenses; thus, Movant has identified no error in the Court's holding, nor any ineffective assistance by his trial attorney. *Hamberg,* 675 F.3d at 1172. To the extent Movant argues, as he did on direct

appeal, that the Michigan cases were not separate convictions because he pled guilty to all of them in a single plea, Eighth Circuit precedent forecloses this argument. *See United States v. Willoughby*, 653 F.3d 738, 742 (8th Cir. 2011). Moreover, Movant raised this argument on direct appeal, and the Eighth Circuit summarily affirmed his conviction; thus, the law of the case doctrine prevents Movant from relitigating the issue here. *Jennings*, 696 F.3d at 762; *Baranski*, 515 F.3d at 861.[5] And, to the extent Movant alleges that his counsel was ineffective for failing to raise this issue, the Record belies that contention; Movant's attorney not only objected to the PSR finding at issue, but raised the argument on appeal. (*See* Crim. Doc. 84, p. 23; Eighth Circuit Case No. 20-2289, Appellant Brief, pp. 3–4.)

### III. CERTIFICATE OF APPEALABILITY

In order to appeal Movant must obtain a Certificate of Appealability, which should be issued only if he "has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is established if reasonable jurists could disagree as to how the issue should be resolved. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). The Court does not believe that the issues Movant has raised are subject to debate among reasonable jurists, so the Court declines to issue a Certificate of Appealability.

### IV. CONCLUSION

The Motion for Postconviction Relief is **DENIED** and the Court declines to issue a

---

[5] As the Government points out, in Movant's original motion—but not in his revised motion—Movant also contends that his attorney was ineffective for failing to object at trial to the Government's mention of a pending assault charge against Movant and the introduction of other evidence relating to Movant's crime. (Doc. 1, p. 7.) These arguments were likely waived by Movant's failure to include them in his revised motion, and regardless, Movant has not cited any support for his characterization in the Record, nor has he provided any argument that would lead the Court to believe that he suffered any significant prejudice from these evidentiary issues.

Certificate of Appealability. The Clerk of Court shall mail a copy of this Order to:

William C. McGee
Reg. No. 33324-045
Federal Correctional Institution Herlong
PO Box 800
Herlong, CA 96113


**IT IS SO ORDERED.**


/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: June 10, 2022          UNITED STATES DISTRICT COURT